## BRADY v. DONOHUE.

(Supreme Court, Appellate Term, First Department.   February 7, 1913.)

WITNESSES (§ 144*)—TRANSACTIONS WITH DECEASED PERSONS—EVIDENCE.

A plaintiff, suing an executrix for money had and received, based on the theory that he had been employed by testator at a weekly salary, is not competent to testify to such employment and an agreement that testator should retain a specified part thereof for plaintiff.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 625–643; Dec. Dig. § 144.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action for money had and received by John Brady against Margaret A. Donohue, executrix of Philip Donohue, deceased.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Daniel Daly, of New York City (Joseph H. Banigan, of New York City, of counsel), for appellant.

Moses Weill, of New York City, for respondent.

LEHMAN, J.   Plaintiff claims that he was employed by defendant's testator as bartender at a salary of $14 per week, that he agreed that the decedent should retain $4 per week from his wages, and that each week he paid himself $10 from the cash receipts.   Plaintiff produced three disinterested witnesses, who testify that the decedent told them at various times that he was retaining $4 per week from plaintiff's wages; otherwise, plaintiff would lose it all at horse racing.

The plaintiff's evidence as to the employment at $14 and the agreement that decedent was to retain $4 per week was clearly incompetent.   With this evidence out of the case, there is no sufficient basis for a recovery.   The testimony of the disinterested witnesses merely shows that at some time the decedent retained part of plaintiff's wages, but it does not show for how long a period the practice continued.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.